# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 05mj245 |
| vs. | **DETENTION ORDER** |
| MICHAEL D. MARSH, | |
| Defendant. | |

This matter came on for hearing on January 5, 2006, pursuant to 18 U.S.C. § 3142(f), to determine whether the Government was entitled to a detention hearing. Assistant United States Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendant Michael D. Marsh appeared in person with his attorney, Robert Tiefenthaler. The Government offered the testimony of Spencer Police officer Chris Nissen.

Officer Nissen related the facts underlying Marsh's arrest, as set forth in the affidavit in support of the criminal complaint in this case. The court found those facts demonstrated a serious risk that Marsh would "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness," as provided in 18 U.S.C. § 3142(f)(2)(B), and therefore, the court held a detention hearing pursuant to 18 U.S.C. § 3142, to determine whether any condition or combination of conditions of release would reasonably assure the appearance of Marsh as required and the safety of any other person and the community.

The evidence indicates Marsh has a serious alcohol addiction that, despite treatment attempts and previous serious consequences, has remained unchecked for some eighteen or more years. The evidence further indicates that when Marsh is intoxicated, he becomes violent, and endangers both his own life and the lives of those around him, including law enforcement officers attempting to subdue him. His history indicates he has knowledge of and a propensity both to use firearms and to drive when he is intoxicated. Although it appears Marsh is able to hold a job and stay out of trouble when he is sober, there is nothing in this record to indicate he would be able to stay sober, and therefore not present a threat to others, in response to the very serious potential consequences he faces in this matter.

On these facts, the court finds there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, and therefore orders as follows:

1. Marsh is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Marsh reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Marsh to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

(b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Marsh must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT